**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Civil Action No.:**

**JIM MEINING,**

      **Plaintiff,**

**v.**

**VIKING CLIENT SERVICES, INC., a Minnesota Corporation**

      **Defendant**

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3.    Venue is proper in this District.

4.    The acts and transactions occurred in this District.

5.    The Plaintiff resides in this District.

6.    The Defendant transacts business in this Judicial District.

7.    The Defendant has a registered agent in Colorado located at 3605 Mead Street, Fort Collins, Colorado 80526.

**PARTIES**

8.     Plaintiff Jim Meining is a natural person who resides in the City of Platteville, County of Weld, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.     Defendant Viking Client Services, Inc. (hereinafter "Defendant") is a Minnesota corporation operating from an address of 7500 Office Ridge Circle, Eden Prairie, Minnesota 55344 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.    The Defendant is registered as a debt collection company with the Office of the Colorado Attorney General's licensing division, license number 101626.

**FACTUAL ALLEGATIONS**

11.    Beginning on or near March 1, 2013 the Defendant began contacting the Plaintiff on his cellular telephone, demanding payment for a debt.

12.    The alleged debt stems from a previous Chase Bank consumer credit card account that the Defendant claims is in default and owing on by the Plaintiff.

13.    The disputed debt meets the definition of consumer debt, 15 U.S.C. §1692a(5).

14.    The Plaintiff disputes that he owes this debt and has told the Defendant that he disputes this debt.

15.    In addition to contacting the Plaintiff on his cellular telephone, the Defendant has also contacted the Plaintiff at his place of employment, despite being told that the Plaintiff does not and cannot accept such calls at his work place.

2

16.     Contacting a consumer at their place of employment, after being advised not to do so, violates the FDCPA, see 15 U.S.C. §1692c(a)(3).

17.     After being told by the Plaintiff that he disputed the debt, refused to pay the Defendant any money and directed the Defendant to cease further communication, the Defendant persisted in their efforts of harassing the Plaintiff by making repeated telephone contact with him.

18.     The Defendant has contacted the Plaintiff, via telephone, no less than twelve times, after being advised to stop telephone communication.

19.     Colorado law states that a person commits the crime of harassment if, with the intent to harass, annoy, or alarm another person, he or she makes a telephone call or causes a telephone to ring repeatedly, whether or not a conversation ensues, with no purpose of legitimate conversation, see 18-9-111(f), Colo. Rev. Stat.

20.     After the Defendant was advised that the Plaintiff no longer wanted the Defendant to contact him via telephone, the Defendant's continued contact is harassment and in violation of Colorado law.

21.     The repeated, unwanted telephone calls placed to the Plaintiff by the Defendant are harassing, annoying and have caused alarm with the Plaintiff.

22.     The FDCPA prohibits a debt collector from using unconscionable means to collect a debt, see 15 U.S.C. §1692 f.

23.     Violating state law to collect a debt is unconscionable.

24.   Despite numerous telephone communications with the Plaintiff, the Defendant has failed to send the required notice per 15 U.S.C. §1692g, within five days of the initial contact with the consumer.

### *Respondeat Superior Liability*

25.   The acts and omissions of the individual collectors, acting as agents employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with its principal, Defendant.

26.   The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

27.   By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit its principal, Defendant.

28.   Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

31.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

32.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.      For compensatory damages;

2.      For statutory damages;

3.      For punitive damages;

4.      For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5.      For pre-judgment interest to the extent permitted by law;

6.      For an award of attorneys' fees, costs and expenses incurred in the investigation, filing

and prosecution of this action; and

7.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troy@gkalaw.com

Attorney for Plaintiff